IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **NFC TECHNOLOGY, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,**<br><br>Defendants. | **CIVIL ACTION NO. 2:15-cv-283**<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NFC Technology, LLC ("NFC Technology" or "Plaintiff") hereby files this Complaint for patent infringement against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Defendants" or "Samsung"), and alleges as follows:

**PARTIES**

1. Plaintiff NFC Technology, LLC is a Texas corporation with its principal place of business at 100 West Houston, Marshall, Texas 75671.

2. Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of Korea with its principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea. Samsung Electronics Co., Ltd. manufactures, imports into the United States, sells and/or offers for sale in the United States mobile communication devices. In

addition, Samsung Electronics Co., Ltd.'s mobile communication devices are marketed, offered for sale, and/or sold throughout the United States, including within this District.

3. Defendant Samsung Electronics America, Inc. is a New York corporation having its principal place of business at 105 Challenger Rd., Ridgefield Park, NJ 07660. Samsung Electronics America, Inc. has been authorized to do business in the State of Texas by the Texas Secretary of State. Furthermore, Samsung Electronics America, Inc. has designated CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201, as its representative to accept service of process within the State of Texas. Upon information and belief, Defendant Samsung Electronics America, Inc. performs several services to support the importation and sale of mobile communication devices into and within the United States.

4. Defendant Samsung Telecommunications America, LLC is a Delaware corporation having its principal place of business at 1301 E. Lookout Drive, Richardson, TX 75082. Samsung Telecommunications America, LLC has been authorized to do business in the State of Texas by the Texas Secretary of State. Furthermore, Samsung Telecommunications America, LLC has designated Corporation Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701, as its representative to accept service of process within the State of Texas. Upon information and belief, Defendant Samsung Telecommunications America, LLC performs several services to support the importation and sale of mobile communication devices into and within the United States.

5. Samsung is making, using, selling, importing, and/or offering for sale in the United States mobile phones and/or other devices, having NXP Semiconductors chips and other components with Near Field Communication ("NFC") capability, including but not limited to the ATIV Odyssey, ATIV S Neo, ATIV SE, Exhilarate, Galaxy A 3, Galaxy A 5, Galaxy Alpha, Galaxy Avant, Galaxy Axiom / Galaxy Admire 2, Galaxy Express, Galaxy Light, Galaxy Mega,

Galaxy Mega 2, Galaxy Nexus, Galaxy Note, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S 2, Galaxy S 2 Skyrocket, Galaxy S 3, Galaxy S 3 Mini, Galaxy S 4, Galaxy S 4 Active, Galaxy S 4 Mini, Galaxy S 4 Zoom, Galaxy S 5, Galaxy S 5 Active, Galaxy S 5 Mini, Galaxy S 5 Plus, Galaxy S 5 Sport, Galaxy S Blaze, Galaxy S Relay, Galaxy Stratosphere 2, Galaxy Victory, and Rugby Pro ("Samsung NFC Products").

6.   Samsung is doing business in the United States and, more particularly, in the Eastern District of Texas, by making, using, selling, importing, and/or offering for sale Samsung NFC Products that infringe the patent claims involved in this action or by transacting other business in this District.

## JURISDICTION AND VENUE

7.   This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.   Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

9.   This Court has personal jurisdiction over Samsung. Samsung has conducted and does conduct business within the State of Texas. Samsung, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas. Samsung has purposefully and voluntarily placed one or more of its Samsung NFC Products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. The Samsung NFC Products have been and continue to be purchased by consumers in the Eastern

District of Texas. Samsung has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

10. Venue in the Eastern District of Texas is also proper because Plaintiff NFC Technology is organized and governed by the laws of Texas and is subject to taxes in Texas. Plaintiff NFC Technology maintains registered agents for service of process in Texas and maintains its principal place of business in Marshall, Texas.

11. Venue in the Eastern District of Texas is also proper because this District is centrally located to resolve common issues of fact among Plaintiff and Samsung.

## GENERAL ALLEGATIONS

12. On March 2, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,700,551 ("the '551 patent") (Exhibit B), entitled "Antenna Signal Amplitude Modulation Method," to Bruno Charrat. NFC Technology is the owner by assignment of all right, title and interest in and to the '551 patent, including all rights to sue and recover for past and future infringement thereof.

13. The '551 patent is valid and enforceable.

14. On February 23, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,665,664 ("the '664 patent") (Exhibit A), entitled "Inductive Coupling Reader Comprising Means for Extracting a Power Supply Voltage," to Bruno Charrat, Michel Martin, and Olivier Carron. NFC Technology is the owner by assignment of all right, title and interest in and to the '664 patent, including all rights to sue and recover for past and future infringement thereof.

15. The '664 patent is valid and enforceable.

16. On August 29, 2006, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,098,770 ("the '770 patent") (Exhibit C), entitled "Contactless Integrated

Circuit Reader," to Bruno Charrat and Francois Lepron. NFC Technology possesses all substantial rights in and to the '770 patent, including all rights to sue and recover for past and future infringement thereof.

17.     The '770 patent is valid and enforceable.

18.     On March 15, 2011, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,905,419 ("the '419 patent") (Exhibit D), entitled "Method for Routing Outgoing and Incoming Data in an NFC Chipset," to Bruno Charrat. NFC Technology possesses all substantial rights in and to the '419 patent, including all rights to sue and recover for past and future infringement thereof.

19.     The '419 patent is valid and enforceable.

20.     Defendants have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the '551 patent, the '664 patent, the '770 patent, and the '419 patent ("the Patents-in-Suit") through the NFC-capable products they make, use, import, export, sell, and/or offer for sale, including the Samsung NFC Products.

21.     During a meeting on September 19, 2012, in Seoul, Korea, Samsung was presented with claim charts relating to each of the Patents-in-Suit.

22.     The claim charts presented at the September 19, 2012 meeting showed how NFC-capable products offered by Samsung were alleged to infringe at least Claim 1 of the '551 patent, Claim 13 of the '664 patent, Claim 1 of the '770 patent, and Claim 12 of the '419 patent.

23.     Mr. Jaehawk Lee, Ms. Taeeun Kim, Mr. Youngjae Joo, Mr. Seungpyo Shin, and Ms. Alex Seo were present on behalf of Samsung during the September 19, 2012 meeting.

24. Upon information and belief, Mr. Jaehawk Lee, Ms. Taeeun Kim, and Mr. Youngjae Joo were and may still be members of Samsung's Patent & Technology Analysis Group.

25. Upon information and belief, Mr. Seungpyo Shin and Ms. Alex Seo were and may still be members of Samsung's Licensing Group.

26. On October 31, 2012, Samsung was again provided claim charts further showing how NFC-capable products offered by Samsung were alleged to infringe each of the Patents-in-Suit.

27. Infringement of one or more of the Patents-in-Suit by NFC-capable products offered by Samsung was discussed with Samsung's Alex Seo and Seungpyo Shin during a meeting on November 15, 2012.

28. Infringement of one or more of the Patents-in-Suit by NFC-capable products offered by Samsung was discussed with Samsung's Ilseok Jang on January 24, 2013.

29. Upon information and belief, Ilseok Jang was and may still be a Senior Manager with Samsung's Corporate IP department.

30. On February 27th, 2013 in Barcelona, Spain, licensing of one or more of the Patents-in-Suit by NFC-capable products offered by Samsung was discussed with Young Lee and Jean Daniel Ayme of Samsung's European Telecom Operations.

31. Samsung repeatedly engaged in discussions relating to infringement or potential licensing of one or more of the Patents-in-Suit during meetings of March 7, 2013, March 13, 2013, May 31, 2013, May and July of 2013, September 25, 2014, and November 4, 2014.

32. Despite these and other meetings, Samsung never obtained any license or permission to use the claimed subject matter of any of the Patents-in-Suit.

33.  Defendants are aware of the Patents-in-Suit, have knowledge of the infringing nature of their activities, have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful. Samsung was previously provided written and verbal notice of the Patents-in-Suit, as well as Samsung's infringement of each such patent.

34.  NFC Technology has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to NFC Technology in an amount that adequately compensates NFC Technology for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### Samsung's Infringement of the '551 patent

35.  Plaintiff repeats and re-alleges the allegations set forth in each paragraph above as though fully set forth herein.

36.  Samsung has been and is now directly infringing the '551 patent by making, using, selling, offering for sale, and importing into the United States certain Samsung NFC Products that practice or embody one or more claims of the '551 patent, including but not limited to the ATIV Odyssey, ATIV S Neo, Galaxy Axiom / Galaxy Admire 2, Galaxy Express, Galaxy Nexus, Galaxy Note, Galaxy Note 2, Galaxy S 2, Galaxy S 3, Galaxy Stratosphere 2, Galaxy Victory, and Rugby Pro ("'551 Products").  For example, the '551 Products embody Claim 5 of the '551 patent. Samsung also has been and is now contributing to and/or inducing others, such as end users of such '551 Products, to engage in the direct infringement one or more claims of the '551 patent. Samsung's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

37. Also, on information and belief, Samsung markets and sells smart phones and other devices including at least the '551 Products. Samsung markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. Samsung has been marketing and selling its smart phones and other devices while also having knowledge of the '551 patent.

38. In addition, on information and belief, Samsung has actively induced and is actively inducing others, such as Samsung's customers, to directly infringe the '551 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the '551 Products—to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '551 patent. Moreover, Samsung specifically intends for and encourages its customers to use the '551 patent's technology without license or proper authorization. For example, by marketing and selling its smart phones and other devices, Samsung has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe the '551 patent. Furthermore, Samsung has had knowledge of the '551 patent prior to, and at least as of, the filing of this Complaint.

39. Furthermore, on information and belief, Samsung has also contributed to and is contributing to direct infringement of the '551 patent by third parties, such as Samsung's customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, Samsung has contributed to and is contributing to infringement of the '551 patent by selling its customers smart phones and other devices— including for example, the '551 Products—the use of which by Samsung's customers has

directly infringed and is directly infringing the '551 patent. Furthermore, Samsung has had knowledge of the '551 patent prior to, and at least as of, the filing of this Complaint.

40.     Despite having knowledge of the '551 patent, Samsung has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '551 patent, such as the '551 Products, and has done so after receiving notice of the '551 patent, and Samsung has undertaken these actions without authorization from NFC Technology.

41.     Samsung does not have a license or permission to use the claimed subject matter in the '551 patent.

42.     NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of Samsung's infringement of the '551 patent.

43.     Samsung will continue to infringe the '551 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

44.     NFC Technology is entitled to recover from Samsung the damages sustained by NFC Technology as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## COUNT II

### Samsung's Infringement of the '664 patent

45.     Plaintiff repeats and re-alleges the allegations set forth in each paragraph above as though fully set forth herein.

46.     Samsung has been and is now directly infringing the '664 patent by making, using, selling, offering for sale, and importing into the United States certain Samsung NFC Products that practice or embody one or more claims of the '664 patent, including but not limited to the ATIV Odyssey, ATIV S Neo, Galaxy Axiom / Galaxy Admire 2, Galaxy Express, Galaxy Nexus, Galaxy Note, Galaxy Note 2, Galaxy S 2, Galaxy S 3, Galaxy Stratosphere 2, Galaxy Victory, and Rugby Pro ("'664 Products").  For example, the '664 Products embody Claims 13

and 14 of the '664 patent. Samsung also has been and is now contributing to and/or inducing others, such as end users of such '664 Products, to engage in the direct infringement of one or more claims of the '664 patent. Samsung's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

47. Also, on information and belief, Samsung markets and sells smart phones and other devices including at least the '664 Products. Samsung markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. Samsung has been marketing and selling its smart phones and other devices while also having knowledge of the '664 patent.

48. In addition, on information and belief, Samsung has actively induced and is actively inducing others, such as Samsung's customers, to directly infringe the '664 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the '664 Products—to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '664 patent. Moreover, Samsung specifically intends for and encourages, its customers to use the '664 patent's technology without license or proper authorization. For example, by marketing and selling its smart phones and other devices, Samsung has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe the '664 patent. Furthermore, Samsung has had knowledge of the '664 patent prior to, and at least as of, the filing of this Complaint.

49. Furthermore, on information and belief, Samsung has also contributed to and is contributing to direct infringement of the '664 patent by third parties, such as Samsung's

customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, Samsung has contributed to and is contributing to infringement of the '664 patent by selling its customers smart phones and other devices—including for example, the '664 Products—the use of which by Samsung's customers has directly infringed and is directly infringing the '664 patent. Furthermore, Samsung has had knowledge of the '664 patent prior to, and at least as of, the filing of this Complaint.

50. Despite having knowledge of the '664 patent, Samsung has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '664 patent, such as the '664 Products, and has done so after receiving notice of the '664 patent, and Samsung has taken these actions without authorization from NFC Technology.

51. Samsung does not have a license or permission to use the claimed subject matter in the '664 patent.

52. NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of Samsung's infringement of the '664 patent.

53. Samsung will continue to infringe the '664 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

54. NFC Technology is entitled to recover from Samsung the damages sustained by NFC Technology as a result of Samsung's wrongful acts in an amount subject to proof at trial.

### COUNT III

### Samsung's Infringement of the '770 patent

55. Plaintiff repeats and re-alleges the allegations set forth in each paragraph above as though fully set forth herein.

56. Samsung has been and is now directly infringing the '770 patent by making, using, selling, offering for sale, and importing into the United States certain Samsung NFC

Products that practice or embody one or more claims of the '770 patent, including but not limited to the ATIV Odyssey, ATIV S Neo, Galaxy Alpha, Galaxy Axiom / Galaxy Admire 2, Galaxy Express, Galaxy Light, Galaxy Nexus, Galaxy Note, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S 2, Galaxy S 3, Galaxy S 5, Galaxy S 5 Active, Galaxy S 5 Sport, Galaxy Stratosphere 2, Galaxy Victory, and Rugby Pro ("'770 Products"). For example, the '770 Products embody Claim 1 of the '770 patent. Samsung also has been and is now contributing to and/or inducing others, such as end users of such '770 Products, to engage in the direct infringement of one or more claims of the '770 patent. Samsung's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

57. Also, on information and belief, Samsung markets and sells smart phones and other devices including at least the '770 Products. Samsung markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. Samsung has been marketing and selling its smart phones and other devices while also having knowledge of the '770 patent.

58. In addition, on information and belief, Samsung has actively induced and is actively inducing others, such as Samsung's customers, to directly infringe the '770 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the '770 Products—to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '770 patent. Moreover, Samsung specifically intends for and encourages its customers to use the '770 patent's technology without license or proper authorization. For example, by marketing and selling its smart phones and other devices,

Samsung has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe the '770 patent. Furthermore, Samsung has had knowledge of the '770 patent prior to, and at least as of, the filing of this Complaint.

59. Furthermore, on information and belief, Samsung has also contributed to and is contributing to direct infringement of the '770 patent by third parties, such as Samsung's customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, Samsung has contributed to and is contributing to infringement of the '770 patent by selling its customers smart phones and other devices—including for example, the '770 Products—the use of which by Samsung's customers has directly infringed and is directly infringing the '770 patent. Furthermore, Samsung has had knowledge of the '770 patent prior to, and at least as of, the filing of this Complaint.

60. Despite having knowledge of the '770 patent, Samsung has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '770 patent, such as the '770 Products, and has done so after receiving notice of the '770 patent, and Samsung has taken these actions without authorization from NFC Technology.

61. Samsung does not have a license or permission to use the claimed subject matter in the '770 patent.

62. NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of Samsung's infringement of the '770 patent.

63. Samsung will continue to infringe the '770 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

64. NFC Technology is entitled to recover from Samsung the damages sustained by NFC Technology as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## COUNT IV

### Samsung's Infringement of the '419 patent

65. Plaintiff repeats and re-alleges the allegations set forth in each paragraph above as though fully set forth herein.

66. Samsung has been and is now directly infringing the '419 patent by making, using, selling, offering for sale, and importing into the United States Samsung NFC Products that practice or embody one or more claims of the '419 patent. For example, the Samsung NFC Products embody Claim 12 of the '419 patent. Samsung also has been and is now contributing to and/or inducing others, such as end users of such Samsung NFC Products, to engage in the direct infringement of one or more claims of the '419 patent. Samsung's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

67. Also, on information and belief, Samsung markets and sells smart phones and other devices including at least the Samsung NFC Products. Samsung markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. Samsung has been marketing and selling its smart phones and other devices while also having knowledge of the '419 patent.

68. In addition, on information and belief, Samsung has actively induced and is actively inducing others, such as Samsung's customers, to directly infringe the '419 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the Samsung NFC Products—to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '419 patent. Moreover, Samsung

specifically intends for and encourages its customers to use the '419 patent's technology without license or proper authorization.  For example, by marketing and selling its smart phones and other devices, Samsung has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe the '419 patent. Furthermore, Samsung has had knowledge of the '419 patent prior to, and at least as of, the filing of this Complaint.

69.     Furthermore, on information and belief, Samsung has also contributed to and is contributing to direct infringement of the '419 patent by third parties, such as Samsung's customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, Samsung has contributed to and is contributing to infringement of the '419 patent by selling its customers smart phones and other devices— including for example, the Samsung NFC Products—the use of which by Samsung's customers has directly infringed and is directly infringing the '419 patent. Furthermore, Samsung has had knowledge of the '419 patent prior to, and at least as of, the filing of this Complaint.

70.     Despite having knowledge of the '419 patent, Samsung has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '419 patent, such as the Samsung NFC Products, and has done so after receiving notice of the '419 patent, and Samsung has taken these actions without authorization from NFC Technology.

71.     Samsung does not have a license or permission to use the claimed subject matter in the '419 patent.

72.     NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of Samsung's infringement of the '419 patent.

73.     Samsung will continue to infringe the '419 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

74. NFC Technology is entitled to recover from Samsung the damages sustained by NFC Technology as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

75. that Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the Patents-in-Suit, or otherwise infringing or contributing to or inducing infringement of any claim of the Patents-in-Suit;

76. alternatively, that the Court award a compulsory future royalty, in the event that an injunction does not issue;

77. a finding that Defendants have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the Patents-in-Suit;

78. that Plaintiff be awarded its actual damages;

79. that Plaintiff be awarded enhanced damages pursuant to 35 U.S.C. § 284;

80. that Plaintiff be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

81. that the Court order an accounting for damages;

82. that the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Plaintiff its attorneys' fees;

83. that Plaintiff be awarded costs of court; and

84. that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable of right by a jury.

Dated: February 26, 2015

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: /s/ Sam Baxter

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Robert Auchter (PRO HAC VICE)
(D.C. Bar No. 441669)
rauchter@mckoolsmith.com
Benjamin Levi (PRO HAC VICE)
(D.C. Bar No. 1005591)
blevi@mckoolsmith.com
Jeffrey Frey (PRO HAC VICE)
(D.C. Bar No. 472430)
jfrey@mckoolsmith.com
Brandon Jordan
(D.C. Bar No. 985986)
bjordan@mckoolsmith.com
McKool Smith P.C.
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344

**ATTORNEYS FOR PLAINTIFF NFC TECHNOLOGY, LLC**